**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLANTIC SHORE SURGICAL ASSOCIATES, | CIVIL ACTION NO.: |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | **VIA CM/ECF** |
| QUALCARE, as Administrators and AFFILIATED PHYSICIANS AND EMPLOYERS HEALTH PLAN, JOHN AND JANE DOES 1-10 and ABC CORPORATIONS 1-10, | |
| Defendants. | |

TO:   Clerk
      United States District Court
      Clarkson S. Fisher Building & U.S. Courthouse
      402 East State Street
      Trenton, NJ 08608

      Clerk
      Superior Court of New Jersey
      Civil Part
      Ocean County
      118 Washington Street
      Toms River, NJ 08754

      Aaron A. Mitchell, Esq.
      Cohen and Howard, LLP
      766 Shrewsbury Avenue, Suite 301
      Tinton Falls, NJ 07724
      Attorneys for Plaintiff
      Atlantic Shore Surgical Associates

      Lisa M. Fittipaldi, Esq.
      DiFrancesco, Bateman, Kunzman,
      Davis, Lehrer & Flaum, P.C.
      15 Mountain Boulevard
      Warren, NJ 07059
      Attorneys for Defendant QualCare, Inc.

**PLEASE TAKE NOTICE** that Defendant, The Affiliated Physicians and Employers Health Plan ("Defendant Plan"), by its undersigned attorneys, files this Notice of Removal pursuant to 28 U.S.C. § 1331, 1441, and 1446 with the United States District Court for the District of New Jersey, and states the following in support:

1.     On or about November 8, 2017, Plaintiff, Atlantic Shore Surgical Associates ("Plaintiff), filed a Complaint with the Superior Court of New Jersey, Law Division, Civil Part, Ocean County, against QualCare, Inc. ("Qualcare") as "administrators of the Affiliated Physicians and Employers Health Plan," and against Defendant Plan, bearing Docket Number OCN-L-003124-17 ("State Action").

2.     On or about November 17, 2017, the Defendant Plan was served with the Complaint.

3.     As of this date, no other process or pleadings have been served upon the Defendant Plan, and on information and belief Defendant Plan and QualCare are the only defendants that have been properly joined and served.

4.     Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant Plan in the State Action are attached hereto as Exhibit A.

5.   Defendant  Plan  is  a  self-insured  employee  welfare
benefit plan governed by the Employee Retirement Income Security
Act ("ERISA"), 29 U.S.C. Section 1001 *et seq.*

6.   In  Counts  1,  2,  3  and  4  of  the  Complaint,  Plaintiff
alleges  that  Defendant  Plan  failed  to  pay  Plaintiff  the  usual,
customary  and  reasonable  amount  for  medical  services  provided  by
Plaintiff  to  "MJK,"  a  member  of  Defendant  Plan,  which  is  an
ERISA-covered Plan.

7.   "MJK,"  the  patient/Plan  Member  executed  a  written
assignment  of  benefits  to  Plaintiff.  The  assignment  is  dated
November 11, 2016. The assignment document states in part, "I …
hereby  assign  and  convey  directly  to,  Atlantic  Shore  Surgical
Associates   …   all   medical   benefits   and/or   insurance
reimbursement,  if  any,  otherwise  payable  to  me  for  services
rendered  from  the  providers,  regardless  of  the  provider's
managed  care  network  participation  status.  I  understand  that  I
am  financially  responsible  for  all  charges  regardless  of  any
applicable insurance or benefit payments."

8.   Plaintiff's  Complaint  nowhere  alleges  a  breach  of  a
contract independent of the Defendant Plan.

9.   Defendant  Plan  denies  the  Complaint's  allegations  and
further denies any liability to Plaintiff whatsoever.

10.  The above-mentioned allegations and prayer for relief
raise  a  federal  question  under  ERISA,  29  U.S.C.  Section  1001  *et*

3

*seq.,* as ERISA provides a cause of action for a beneficiary of an employee benefit plan who, like Plaintiff here, asserts a claim of right to benefits under an employee benefit plan. ERISA Section 502(a); 29 U.S.C. Section 1132(a)(1)(B).

11.   Section 502(e) of ERISA also provides in pertinent part that district courts of the United States and state courts "shall have concurrent jurisdiction of actions under paragraphs (1)(B)" of Section 502(a) of ERISA.

12.   Section 514(a) of ERISA further provides in pertinent part, "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter *shall supersede any and all State laws* insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. §1144(a)(emphasis added).

13.   Therefore, this Court has original jurisdiction over all four Counts of the Complaint, and the requirements necessary for this Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 are satisfied. Accordingly, this State Action is removed pursuant to 28 U.S.C. §1441.

14.   Co-defendant QualCare consents to and joins in the removal of this action to the District Court. *See* Exhibit B.

4

15.   Upon information and belief, Defendant John and Jane Does 1-10 and Defendant ABC Corporations 1-10 are fictitious defendants and, as such, are unknown parties and have not been served.   Because Defendant John and Jane Does 1-10 and Defendant ABC Corporations 1-10 are unknown parties, the unanimity rule may be disregarded and their consents to this removal are not required.   *See Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003), *cert. denied*, 540 U.S. 877 (2003); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

16.   This Notice of Removal has been filed within 30 days of Defendant Plan's acceptance of service of the Complaint in accordance with 28 U.S.C. §1446(b). Therefore, the within Notice of Removal is being filed in a timely manner pursuant to 28 U.S.C. §1446(b).

17.   Venue is proper pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, as this is the federal district that embraces the Superior Court of New Jersey, Law Division, Civil Part, Ocean County, where this State Action is pending.

18.   This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

19.   Defendant Plan, upon filing of this Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, is also filing a copy of this Notice of Removal with the Superior Court of New Jersey, Law

Division, Civil Part, Ocean County, to effect removal of this action to the U.S. District Court pursuant to 28 U.S.C. §1446(d).

20. Upon filing this Notice of Removal, Defendant Plan will give written and email notice thereof to Aaron A. Mitchell, Esq., attorney for Plaintiff, and Lisa M. Fittipaldi, Esq., attorney for Defendant QualCare.

**WHEREFORE**, Defendant Plan, through its attorneys, prays that the Complaint be removed to this Court and that this Court accept jurisdiction of the State Action; and henceforth, that the Complaint be placed on the docket of this Court for further proceedings, the same as though it had originally been instituted in this Court.

Respectfully submitted,

**GENOVA BURNS LLC**

PATRICK W. McGOVERN
494 Broad Street
Newark, New Jersey 07102
Tel: 973-535-7129
Attorneys for Defendant
The Affiliated Physicians and
Employers Health Plan

Dated: December 14, 2017

# EXHIBIT A

SUMMONS

| | |
|---|---|
| Attorney(s) | Aaron A. Mitchell, Esquire |
| Office Address | Law Offices of Cohen and Howard, LLP |
| | 766 Shrewsbury Avenue |
| Town, State, Zip Code | Tinton Falls, New Jersey 07724 |
| Telephone Number | (732) 747-5202 |

**Superior Court of New Jersey**

Attorney(s) for Plaintiff

ATLANTIC SHORE SURGICAL ASSOCIATES

Ocean         COUNTY
LAW          DIVISION

Docket No:   OCN-L-3124-17

Plaintiff(s)

Vs.

QUALCARE, as Administrators, AFFILIATED PHYSICIANS

AND EMPLOYERS HEALTH PLAN, ET ALS

Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_Michelle M Smith_
Clerk of the Superior Court

DATED:     11/08/2017

Name of Defendant to Be Served:   Affiliated Physicians and Employers Health Plan

Address of Defendant to Be Served:   30 Knightsbridge Road, Piscataway, NJ 08854

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Cohen & Howard, LLP
Aaron A. Mitchell, Esquire (I.D. #039782008)
766 Shrewsbury Avenue, Suite 301
Tinton Falls, New Jersey 07724
Attorneys for Plaintiff
(732)-747-5202
(732) 747-5259 (Fax)

| | |
|---|---|
| ATLANTIC SHORE SURGICAL ASSOCIATES, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: OCEAN COUNTY |
| Plaintiffs | DOCKET NO.: OCN-L -312 4 - 17 |
| -VS- | CIVIL ACTION |
| QUALCARE, as Administrators and AFFILIATED PHYSICIANS AND EMPLOYERS HEALTH PLAN, JOHN AND JANE DOES 1-10 and ABC CORPORATIONS 1-10, | COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL |
| Defendants, | |

Plaintiff, Atlantic Shore Surgical Associates, by and through its attorneys, Cohen & Howard,

LLP and as and for its Complaint against defendants, QualCare, Affiliated Physicians and

Employers Health Plan, John and Jane Does 1-10 and ABC Corporations , says:

## THE PARTIES

1. Plaintiff, Atlantic Shore Surgical Associates (hereinafter referred to as "Atlantic")

with a business address of 478 Brick Boulevard in the Township of Brick, County of Ocean, and

State of New Jersey, is now and was at all times relevant to this action, a company organized and

operating under the Law of the State of New Jersey, providing healthcare services.

2. Upon information and belief, at all relevant times, defendant, QualCare was a

corporation whose headquarters are located at 30 Knightsbridge Road, Piscataway, Middlesex

County, New Jersey, which conducted and continues to conduct significant business in the State

of New Jersey.

3. Upon information and belief, at all relevant times, defendant, QualCare, acted as the plan administrator and/or claims administrator for the defendant, Affiliated.

4. Upon information and believe, at all relevant times, defendant, Affiliated Physicians and Employers Health Plan (hereinafter referred to as "Affiliated") maintains offices and conducted significant business in the State of New Jersey and selected, assigned and/or provided health insurance to the patient, "MJK".

5. Defendant, Affiliated, maintains a business address of 30 Knightsbridge Road, Piscataway, Middlesex County, New Jersey.

6. Upon information and belief, at all relevant times, defendant, QualCare, acted as the plan administrator and/or claims administrator for the defendant, Affiliated.

7. At all times relevant, upon information and belief, fictitious defendants, John and Jane Does 1 through 10 and ABC Corporations 1 through 10, are yet to be identified entities who directly and proximately caused damages to plaintiff.

## JURISDICTION AND VENUE

8. Plaintiff's office is located in Ocean County, New Jersey and all medical services which are the subject matter of this action were rendered in Ocean County, New Jersey.

9. Patient, "MJK" (herein identified only by her QualCare Identification Number H1182136) at all relevant times, lived in the County of Ocean, State of New Jersey.

10. At all times relevant, upon information and belief, defendant, Affiliated selected, assigned and/or provided health insurance to the patient, "MJK".

11. Plaintiff is proceeding on its own individual claims concerning medical services provided to the patient, "MJK".

-2-

12.   This matter is properly venued in State Court. None of plaintiff's claims, as detailed infra, are governed by federal law, including the Employee Retirement Income Security Act ("ERISA"). See, Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F. 3d 393, 403-4 (3d Cir. 2004). (medical provider's claims not preempted by ERISA where (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid.)

13.   The amount in controversy is in excess of $64,000.00.

14.   For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

## FACTUAL BACKGROUND

15.   This dispute arises out of the defendants' refusal to pay plaintiff the money to which plaintiff is entitled for providing necessary medical services to patient, "MJK".

16.   At all relevant times, plaintiff was a on-participating or out-of-network providers that rendered medically necessary surgery to patient, "MJK".

17.   At all times relevant, upon information and belief, defendant, Affiliated, selected, assigned and/or provided health insurance to the patient, "MJK", which is a self-insured plan administered by defendant, QualCare, acting as authorized agent for principal defendant, Affiliated.

18.   Plaintiffs provided pre-authorized necessary medical services to patient, "MJK" namely:  Laparoscopic lysis of adhesions and laparoscopic sleeve gastrectomy performed on April 14, 2016.

-3-

19. Primary surgery on April 14, 2016 was performed by Anil K. Pahuja, M.D., who is board certified in general surgery, employed and/or contracted by plaintiff.

20. Dr. Pahuja was assisted on April 14, 2016 by James V. Pasquariello, M.D., who is board certified in general surgery, employed and/or contracted by plaintiff.

21. Plaintiff billed defendants for the primary surgeon charges a total of $47,149.20.

22. Plaintiff billed defendants for the assistant surgeon charges a total of $18,859.68.

23. The total billed charges for this medically necessary surgery totaled $66,008.88, which represents normal and reasonable charges for the complex procedure performed by a Board Certified Surgeon practicing in New Jersey with the aid of an assistant surgeon.

24. Defendants paid a total of $1,224.98 toward these reasonable charges, leaving the patient with a balance due on this bill of more than $64,000.00.

25. The amount paid to plaintiff by defendants represents a gross underpayment and does not comport in any way with usual, customary, or reasonable payments for the type of service rendered by a provider with the skill, experience and training of the doctor provided by plaintiff in this geographical area.

26. Prior to performing the surgery, which is the subject matter of this complaint, plaintiff's office called QualCare on April 4, 2016 to request prior authorization for the surgery. The plaintiff received from QualCare authorization approving the rendering of surgical services to patient, "MJK" under authorization number IP0024522117.

27. While defendants were aware that plaintiff was an out-of-network provider, defendants never disclosed that payments made for the procedures would be denied in full or

-4-

paid far below the usual and customary rates for these services. To the contrary, defendants induced plaintiff to provide the medical services with the explicit knowledge that it never intended to pay the amounts it was obligated to pay.

## FIRST COUNT
### (Breach of Contract)

28. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "27" of this Complaint with the same force and effect as if fully set forth herein at length.

29. Plaintiff hereby alleges that an implied in-fact contract has been created through defendants' course of conduct and interaction with plaintiff.

30. By authorizing the surgery, defendants agreed to pay the usual and customary rates for the medical services provided by the plaintiff and plaintiff performed said services based upon those terms.

31. This implied contract indicated that plaintiff would be paid, by defendants, a fair and reasonable amount for the highly-skilled services provided by plaintiff.

32. However, plaintiff was paid only a fraction -- $1,224.98 -- of the usual, customary and reasonable amount of $66,008.88 for the highly-skilled services provided to patient, "MJK".

33. Plaintiff has suffered significant damages as a result of defendants' actions.

34. As a direct result of defendants' breaches of the contract, plaintiff has been damaged in an amount to be determined at trial, but not less than $64,783.90, plus interest, costs, and attorneys' fees.

## SECOND COUNT
### (Promissory Estoppel)

35. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "34" of this Complaint with the same force and effect as if fully set forth herein at length.

36. By providing a pre-surgery authorization to plaintiff, defendants promised that plaintiff would be paid for its services at the usual, customary and reasonable rate.

37. Plaintiff relied upon this promise to its detriment by spending valuable time, resources, and energy in providing medical services to patient, "MJK".

38. Plaintiff has suffered significant damages as a result of defendants' actions.

39. As a direct result of defendants' refusal to pay plaintiff the usual, customary, reasonable, and fair value for the services plaintiff provided at the behest of defendants, plaintiff has been damaged in an amount to be determined at trial, but not less than $64,783.90, plus interest, costs, and attorneys' fees.

## THIRD COUNT
### (Account Stated)

40. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "39" of this Complaint with the same force and effect as if fully set forth herein at length.

41. After providing the medical services, which were authorized by defendants, plaintiff submitted bills and requests for payment to defendants in the sum total of $64,783.90.

42. To date, defendants, having acknowledged receipt of the bills, have paid a small portion, $1,224.98, of the invoices, but have not objected, in any manner to the billed amounts,

including, but not limited to, the amount billed or to the services provided.

43. Plaintiff has suffered significant damages as a result of defendants' action.

44. As a direct result of defendants' refusal to pay plaintiff for the medical services provided and billed to defendants, who acknowledged receipt without objection, plaintiff has been damaged in an amount to be determined at trial, but not less than $64,783.90, plus interest, costs, and attorneys' fees.

## FOURTH COUNT
### (Fraudulent Inducement)

45. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "44" of this Complaint with the same force and effect as if fully set forth herein at length.

46. By providing a pre-surgery authorization to plaintiff, defendants induced plaintiff to provide the medical services requested by patient, "MJK".

47. Inherent in the authorization was the promise to pay plaintiff the usual, customary, reasonable and fair value for the services provided.

48. Relying upon this promise to pay by defendants, plaintiff provided the necessary medical services requested by plaintiff, "MJK".

49. Unbeknownst to plaintiff, defendant never intended to pay the plaintiff usual, customary, reasonable, and fair value for the medical services provided, instead inducing plaintiff to provide the medical services with the intent to pay plaintiff less than 2% of the usual, customary, reasonable, and fair value of the medical services provided, plaintiff would have elected not to provide the services.

50. Plaintiff has suffered significant damages as a result of defendants' actions.

-7-

51. As a direct result of defendants' refusal to pay plaintiff the usual, customary, reasonable, and fair value for the services plaintiff provided at the behest of defendants, plaintiff has been damaged in amount to be determined at trial, but not less than $64,783.90, plus interest, costs, and attorneys' fees, along with punitive damages in the sum of $100,000.00

WHEREFORE, plaintiff respectfully demands judgment against defendants:

1. As and for its First cause of action, for breach of an implied contract in an amount to be determined at trial, but not less than $64,783.90, along with its reasonable attorneys' fees, interest, costs and expenses; and

2. As and for its Second cause of action under the theory of promissory estoppel in an amount to be determined at trial, but not less than $64,783.90, along with its reasonable attorneys' fees, interest, costs and expenses; and

3. As and for its Third cause of action for an account stated, in an amount to be determined at trial, but not less than $64,783.90, along with its reasonable attorneys' fees, interest, costs and expenses; and

4. As and for its Fourth cause of action for fraudulent inducement in an amount to be determined at trial, but not less than $64,783.90, along with its reasonable attorneys' fees, interest, costs and expenses, and with punitive damages in the sum of $100,000.00; and

5. Along with such other and further relief to plaintiff as this Court deems just, fair, and proper.

## JURY DEMAND

Pursuant to R. 4:35-1, plaintiff hereby demands a trial by jury as to all counts.

OCN-L-003124-17   11/08/2017 8:48:22 AM  Pg 9 of 11 Trans ID: LCV2017441873

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Aaron A. Mitchell, Esquire is hereby designated as trial counsel.

## CERTIFICATION

I hereby certify that pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding related to claims arising from medical services provided from plaintiff to the patient. No such action or arbitration proceeding is contemplated by plaintiff at this time.

LAW OFFICES OF COHEN & HOWARD, L.L.P.
Attorneys for Plaintiff

BY: _____
Aaron A. Mitchell, Esquire

Dated:  October 27, 2017

OCN-L-003124-17   11/08/2017 8:48:22 AM  Pg 10 of 11 Trans ID: LCV2017441873

Appendix XII-B1

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Aaron A. Mitchell, Esquire | (732) 747-5202 | Ocean |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Law Offices of Cohen and Howard, LLP | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 766 Shrewsbury Avenue Suite 301 Tinton Falls, New Jersey 07724 | COMPLAINT |
| | JURY DEMAND   ☒ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Atlantic Shore Surgical Associates | Atlantic Shore Surgical Associates vs. QualCare, as Administrators and Affiliated Physicians and Employers Health plan, John and Jane Does 1-10 and ABC Corporations 1-10 |

| CASE TYPE NUMBER (See reverse side for listing) 599 | HURRICANE SANDY RELATED? ☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes  ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes  ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION.

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes  ☒ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes  ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes  ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 09/09/2017, CN 10517

page 1 of 2

OCN-L-003124-17   11/08/2017 8:48:22 AM  Pg 11 of 11 Trans ID: LCV2017441873



## Side 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE -- PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE -- PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE -- PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT -- OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV -- Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271   ACCUTANE/ISOTRETINOIN
274   RISPERDAL/SEROQUEL/ZYPREXA
281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282   FOSAMAX
285   STRYKER TRIDENT HIP IMPLANTS
286   LEVAQUIN
287   YAZ/YASMIN/OCELLA
289   REGLAN
290   POMPTON LAKES ENVIRONMENTAL LITIGATION
291   PELVIC MESH/GYNECARE
292   PELVIC MESH/BARD
293   DEPUY ASR HIP IMPLANT LITIGATION
295   ALLODERM REGENERATIVE TISSUE MATRIX
296   STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297   MIRENA CONTRACEPTIVE DEVICE
299   OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300   TALC-BASED BODY POWDERS
601   ASBESTOS
623   PROPECIA
624   STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

Please check off each applicable category ☐ Putative Class Action    ☐ Title 59

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION

OCEAN COUNTY

CASE NO.: OCN-L-3124-17
Date Filed: 11/08/2017

AFFIDAVIT OF SERVICE

Atlantic Shore Surgical
Associates

Plaintiff/Petitioner,

vs.

Qualcare, as Administrators,
Affiliated Physicians and
Employers Health Plan, et al.

Defendant/Respondent.

State of New Jersey
County of Somerset      ss.

I, Lawrence Van Sertima, depose and say that:

I am a comptent adult, over the age of 18, a resident of the State of New Jersey and a disinterested party to the above named action

On 11/17/2017 at 03:05 PM, I served the within SUMMONS, COMPLAINT, JURY DEMAND AND DESIGNATION OF COUNSEL CIVIL CASE INFORMATION STATEMENT on Affiliated Physicians and Employers Health Plan at 30 Knightsbridge Road , Piscataway, NJ 08854 in the manner indicated below:

By delivering a true copy of this process to Jane Doe-Refused Name, Receptionist of the above named corporation and informing him/her of the contents.

Description of person served:
Sex: Female – Age: 30 – Skin: Black – Hair: Black – Height: 5'6 – Weight: 150

I certify that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to and subscribed before me on this
___21___ day of _November_____, 201_7_
by an affiant who is personally known to
me or produced identification.

_Suzanne Weingarten_
NOTARY PUBLIC

SUZANNE WEINGARTNER
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 3/4/2018

x _Lawrence Van Sertima_
Lawrence Van Sertima - Process Server
Intercounty Judicial Services
85 Willis Ave, Suite F
Mineola, NY  11501
516-248-8270

Atty File#:  - Our File# 79866

1730973

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ATLANTIC SHORE SURGICAL
ASSOCIATES,

              Plaintiff,

v.

QUALCARE, as Administrators and
AFFILIATED PHYSICIANS AND
EMPLOYERS HEALTH PLAN, JOHN AND
JANE DOES 1-10 and ABC
CORPORATIONS 1-10,

              Defendants.

Case No.:

**CONSENT TO NOTICE OF REMOVAL**

      QualCare, Inc., a co-defendant in this Action, joins in the Notice of Removal filed by Defendant The Affiliated Physicians and Employers Health Plan in the captioned Action.

      By: _____
Lisa M. Fittipaldi, Esq.
DiFrancesco, Bateman, Kunzman,
Davis, Lehrer & Flaum, P.C.
15 Mountain Boulevard
Warren, N.J. 07059
Attorneys for Defendant
QualCare, Inc.

Dated: December 14, 2017

14191597v1 (23198.010)