UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC SHORE SURGICAL ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>QUALCARE, as Administrators and AFFILIATED PHYSICIANS AND EMPLOYERS HEALTH PLAN, JOHN AND JANE DOES 1-10 and ABC CORPORATIONS 1-10,<br><br>Defendants. | Civil Case No.: 3:17-cv-13109-FLW-LHG<br><br><br>CIVIL ACTION |

**DEFENDANT THE AFFILIATED PHYSICIANS AND
EMPLOYERS HEALTH PLAN'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

GENOVA BURNS LLC
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
Attorneys for Defendant
The Affiliated Physicians and
Employers Health Plan

*Of Counsel*
    Patrick W. McGovern, Esq.

*On the Brief*
    Gina M. Schneider, Esq.
    Ryann M. Aaron, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................................... 2

LEGAL ARGUMENT .......................................................................................... 4

I.     STANDARD OF REVIEW ................................................................... 4

II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA. ................................... 5

   A. Each Count Of Plaintiff's Complaint "Relates To" An ERISA Plan. ...................... 5

   B. Plaintiff's State Law Claims Do Not Exist Independent Of ERISA's Statutory Scheme. ................................................................................................... 7

CONCLUSION ................................................................................................. 12

i

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................... 4

*Bell Atlantic Corporation v. Twombly*,
  550 U.S. 544 (2007) .................................................................................... 4

*Cohen v. Horizon Blue Cross Blue Shield of New Jersey* ("*Cohen I*"),
  2017 W.L. 685101 (D.N.J. Feb. 21, 2017) ..................................................... passim

*Cohen v. Horizon Blue Cross Blue Shield of New Jersey* ("*Cohen II*"),
  2017 WL 1206005 (D.N.J. Mar. 31, 2017) ..................................................... 10

*Fowler v. UPMC Shadyside*,
  578 F.3d 203, 210 (3d Cir. 2009) ................................................................. 4

*Hartman v. Wilkes-Barre Gen. Hosp.*,
  237 F.Supp.2d 552 (M.D. Pa. 2002) ............................................................. 5

*McCall v. Metropolitan Life Ins. Co.*,
  956 F. Supp. 1172 (D.N.J. 1996) .................................................................. 5

*North Jersey Brain & Spine Center v. Aetna, Inc.*,
  801 F.3d 369 (3d Cir. 2015) ..................................................................... 6, 11

*Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*,
  388 F.3d 393 (3d Cir. 2004) ..................................................................... 7, 8, 9

*Pilot Life Ins. Co. v. Dedeaux*,
  481 U.S. 41 (1987) ................................................................................. 5, 6

*Wayne Surgical Center, LLC v. Concentra Preferred Systems, Inc.*,
  2007 W.L. 2416428 (D.N.J. Aug. 20, 2007) ................................................... 8

## Statutes

29 U.S.C. § 1002(1) ........................................................................................ 5

29 U.S.C. § 1132(a) ........................................................................................ 6

29 U.S.C. § 1144(a) ........................................................................................ 5

N.J.A.C. 11:24-5.3 .................................................................................................. 6, 9

**Other Authorities**

ERISA Section 502(a) ............................................................................................ passim

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 4

Rule 12(b)(6) ................................................................................................................ 4

## PRELIMINARY STATEMENT

Defendant, The Affiliated Physicians and Employers Health Plan ("Defendant Plan"), respectfully submits this brief in support of its Motion to Dismiss the Complaint with Prejudice for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

This Action arises from a surgery performed by Plaintiff, an out-of-network New Jersey medical provider, for a patient identified in the Complaint as "MJK" ("Plan Member"). At the time of the surgery in April 2016, the Plan Member participated in the Defendant Plan, a self-insured health plan and an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

On or about November 11, 2016, the Plan Member executed a written assignment of Plan benefits to Plaintiff which acknowledged that Plaintiff was an Out-of-Network Provider and notified the Plan Member that Plaintiff does not participate in the Defendant Plan.

On November 8, 2017 Plaintiff filed a Complaint in N. J. Superior Court alleging that Plaintiff was paid "only a fraction" of the usual, customary and reasonable amount for the services provided to the Plan Member, and that it is entitled to judgment against Defendant Plan and QualCare, Inc. ("QualCare"), the administrator of the Defendant Plan, in the amount of $64,783.90, plus interest, costs, attorneys' fees and punitive damages. In its Complaint, Plaintiff asserts four state law causes of action: breach of contract (First Count); promissory estoppel (Second Count); account stated (Third Count); and fraudulent inducement (Fourth Count).

The Complaint fails as a matter of law because all four state law causes of action are preempted by ERISA, which supersedes any and all state law claims insofar as they "relate to"

1

an ERISA plan. The fundamental premise of the Action is that because Plaintiff obtained a preauthorization for the surgery, Plaintiff is entitled to recover the charges Plaintiff believes represents the reasonable, usual and customary value for the surgical services rendered to the Plan Member. *See* Complaint, ¶¶ 26, 30, 36, 41, 46, 47. **Dkt. #1.** Although Plaintiff alleges violations of state law, the underlying claim for payment for medical services rendered to the Plan Member constitutes a demand for additional benefits from an employer welfare benefit plan governed by ERISA. Because ERISA preempts state law claims insofar as they relate to an ERISA plan, the Complaint must be dismissed in its entirety, with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant Plan is a self-insured employee welfare benefit plan governed by ERISA which provides group health benefits to active employees of participating employers. 29 U.S.C. Section 1001 *et seq.*; *see also* Certification of Stephanie Alfonso dated January 3, 2018 submitted in Support of Motion to Dismiss (hereinafter "Alfonso Cert."), ¶ 4. Under the terms of the Defendant Plan, plan members may bring an ERISA Section 502(a) civil action for plan benefits after exhausting the plan's appeal process. *See* Alfonso Cert., Ex. A, p. 34. Plaintiff, Atlantic Shore Surgical Associates ("Plaintiff" or "Atlantic Shore") is a company organized and operating under the laws of the State of New Jersey, providing healthcare services. *See* Complaint, ¶ 1.

As of April 14, 2016, the Plan Member was a participant in the Defendant Plan. According to the Complaint, on April 14, 2016 Plaintiff performed the following surgical services on Plan Member: laparoscopic lysis of adhesions and laparoscopic sleeve gastrectomy. Complaint ¶ 18. **Dkt. #1.**

On or about November 11, 2016, the Plan Member executed an assignment of benefits to Plaintiff. Alfonso Cert., Ex. B.

Plaintiff submitted to the Defendant Plan charges of $66,008.88 for the surgery. Alfonso Cert. at ¶ 3. According to the Plan terms, the Defendant Plan allowed and paid Plaintiff's charges for Plan Member's elective surgery at the out-of-network benefit level. According to the Complaint, the total payment made by the Defendant Plan to Plaintiff for the Plan Member's elective surgery was $1,224.98 in accordance with the Plan's prescribed out-of-network fee schedule. Complaint ¶ 24.

On November 11, 2017, Plaintiff filed a Complaint with the Superior Court of New Jersey, Law Division, Ocean County against QualCare as "administrators of the Affiliated Physicians and Employers Health Plan," and against the Defendant Plan.

On December 11, 2017, the Defendant Plan removed the Action to this Court on the grounds that Plaintiff's requested relief raises a federal question under ERISA, 29 U.S.C. Section 1001 *et seq.*, and more specifically that Plaintiff is the assignee of a private right of action on the part of a beneficiary of an employee welfare benefit plan that is subject to ERISA. ERISA Section 502(a), 29 U.S.C. Section 1132(a)(1)(B).

3

## LEGAL ARGUMENT

I. **STANDARD OF REVIEW**

This Court should dismiss Plaintiff's Complaint seeking health insurance benefits because it is preempted in its entirety as a matter of law by ERISA and fails to state a claim upon which relief may be granted for purposes of Fed. R. Civ. P. 12(b)(6).

Federal courts reject general "notice pleading" standards that typically apply under state rules of civil procedure, and apply a more rigorous standard which requires that a plaintiff demonstrate more than a possibility of entitlement to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The U.S. Supreme Court has clarified that despite the favorable inferences to which a plaintiff may be entitled under the Rule 12(b)(6) standard, the factual allegations set forth in a complaint must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Affirming that the *Twombly* standard applies to all motions to dismiss, the Supreme Court identified specific conditions applicable to the standard of review. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. While legal conclusions may provide the framework of

4

a complaint, the complaint must show an entitlement to relief with its facts. *Id.*; *see also Fowler* 578 F.3d at 210. This standard militates in favor of dismissal of Plaintiff's Complaint.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA.

### A. Each Count Of Plaintiff's Complaint "Relates To" An ERISA Plan.

Defendant Plan is indisputably an employee welfare benefit plan as defined by ERISA because it is a plan, fund, or program established or maintained by an employer for the purpose of providing medical benefits to its participants and their beneficiaries. 29 U.S.C. § 1002(1); *see also* Alfonso Cert., ¶ 4.

Furthermore, ERISA §514 contains a sweeping preemption clause, which provides that that federal statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). The phrase "relates to" is deliberately expansive, and designed to establish plan regulation as exclusively a federal concern. *Id.* at 46 (internal citations omitted). ERISA's preemption provision eliminates the threat of conflicting or inconsistent state and local regulation of employee benefit plans through a patchwork of unique state laws. *Id.* at 46.

Applying this deliberately expansive language of ERISA §514, courts have construed ERISA to preempt a broad range of state law claims related to demands for payment of ERISA benefits, including claims of negligence, breach of contract, estoppel, violation of N.J. state regulations, and misrepresentation. *See Hartman v. Wilkes-Barre Gen. Hosp.*, 237 F.Supp.2d 552, 556 (M.D. Pa. 2002) (claims of negligence, negligent misrepresentation, unjust

5

enrichment, and promissory estoppel *held* preempted by ERISA); *McCall v. Metropolitan Life Ins. Co.*, 956 F. Supp. 1172, 1184 (D.N.J. 1996) (breach of contract claim preempted by ERISA).; *Cohen v. Horizon Blue Cross Blue Shield of New Jersey ("Cohen I")*, 2017 W.L. 685101 (D.N.J. Feb. 21, 2017) (claims of unjust enrichment, violation of N.J.A.C. 11;24-5.3 and violation of N.J.A.C. 11:22-1.5 were preempted by ERISA) (copy attached as Exhibit A to the Certification of Patrick W. McGovern submitted herewith) (hereinafter "McGovern Cert."). To the extent a claim alleges the wrongful denial, termination, or limitation of benefits, the exclusive vehicle available to recover these benefits is ERISA's civil enforcement procedure, codified at 29 U.S.C. § 1132(a). *Pilot Life*, 481 U.S. at 52.

Each count of the Complaint "relates to" the Defendant Plan and is therefore preempted by ERISA. Plaintiff contends that because the Defendant Plan preauthorized the surgery, the Plan led Plaintiff to believe that its charges would be paid at a specific benefit level, although Plaintiff articulates no facts in its Complaint to support this conclusion.

Nonetheless, Plaintiff's allegations arise from the terms and conditions of the Defendant Plan. Plaintiff cannot evade ERISA's preemptive scope by artfully crafting a demand for additional insurance benefits as one of breach of contract, promissory estoppel, account stated and fraudulent inducement. Plaintiff obtained a valid assignment of the Plan Member's plan benefits and may properly re-plead its claims as an ERISA enforcement action under 29 U.S.C. § 1132(a) in its capacity as an assignee Plan beneficiary. *See North Jersey Brain & Spine Center v. Aetna, Inc.*, 801 F.3d 369 (3d Cir. 2015). The Complaint in its current form alleges state law claims for Plan benefits and therefore is preempted by ERISA and must be dismissed.

### B. Plaintiff's State Law Claims Do Not Exist Independent Of ERISA's Statutory Scheme.

At paragraph 12 of the Complaint, Plaintiff asserts that ERISA has no bearing on this lawsuit and cites *Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004). In *Pascack Valley*, the Third Circuit concluded that a provider's breach of contract claim relating to the amount of reimbursement payable to a medical services provider fell outside the scope of ERISA preemption.

*Pascack Valley* is readily distinguishable from this Action. In *Pascack Valley*, the Hospital had a Network Agreement with MagNet, Inc., an independent network of hospitals. Additionally, MagNet had Subscriber Agreements in place with the defendant, a self-funded healthcare plan ("Union Plan"), and with several other benefit plans. The Hospital and other hospitals that participated with MagNet agreed to accept discounted rates for their services. In return, MagNet agreed to drive patient traffic to these hospitals by encouraging its subscriber plans, such as the Union Plan, to use these hospitals. *Id.* at 396. The Subscriber Agreement between MagNet and the Union Plan required the Union Plan to pay covered claims at the discounted rate within 30 days of submission. *Id.* at 396-397.

The Hospital treated two Union Plan members, but did not receive timely payment, which, according to the Hospital, voided its agreement to accept a discounted rate. *Id.* at 397. The Hospital then sued alleging breach of contract and unjust enrichment, arguing that it agreed to accept discounted rates only if its charges were paid timely, and that being forced to accept a discounted pricing for an untimely payment contravened the Network Agreements and the Provider Agreements. *Id.* The Union Plan removed the case to federal court, alleging that because the reimbursement dispute related to ERISA benefit plans, the District Court had

7

federal question jurisdiction. The Hospital moved to remand the case to state court. *Id.* The Third Circuit agreed with the Hospital and remanded, finding that the Hospital was not seeking to recover benefits under an ERISA plan, but was seeking to enforce its contractual rights under its Network Agreement with MagNet. *Id.* at 402-403. The Third Circuit reasoned that the breach of rights under the Network Agreement constituted a separate claim under a separate contract between the Hospital and the defendants, which existed independent of the ERISA statutory scheme and the ERISA benefit plan. *Id.*

Plaintiff's reliance on *Pascack Valley* in this Action is misplaced because the underlying facts in *Pascack Valley* are materially distinguishable from the facts in this Action. *Pascack Valley* involved separate and independent in-network provider agreements that had nothing to do with the Union Plan's obligation to provide its members with health benefits. No such independent contract exists here, nor has one been pled by Plaintiff. This Action involves an out-of-network provider that had no independent contracts with either the Defendant Plan or QualCare. Unlike *Pascack Valley*, this Action involves a valid assignment of benefits by the Plan Member to Plaintiff which provides the Plaintiff legal standing to bring a claim under ERISA for additional benefits it believes it is owed for medical services it provided to a Plan Member.

Courts in the Third Circuit have rejected the notion that state law causes of action such as those pled in the Complaint exist independent of ERISA. In *Wayne Surgical Center, LLC v. Concentra Preferred Systems, Inc.*, 2007 WL 2416428 (D.N.J. Aug. 20, 2007) (copy attached as Exhibit B to McGovern Cert.), the District Court of New Jersey found that ERISA completely preempted a health provider's state law claims for tortious interference against a health care plan. In *Wayne,* the plaintiff's claims hinged on a determination of what benefits

8

were due, if any, under the participant's ERISA plan. The plaintiff in *Wayne* sought the payment of benefits, on behalf of plan participants, as a valid assignee of the participants' claims. *Id.* at *4. Because the healthcare provider sought to collect reimbursement of plan benefits, the state claims fell directly within the scope of claims recognized by the Third Circuit as preempted by ERISA. *Id.*

Like the plaintiff in *Wayne*, Plaintiff here holds a valid assignment of benefits from the Plan Member and is pursuing a claim for reimbursement of Plan benefits. Although Plaintiff has pled its claims as independent state law claims, it is in fact alleging a claim for benefits against an ERISA plan. Because Plaintiff holds a valid assignment of benefits, its claims may be brought under ERISA's statutory scheme. Accordingly, Plaintiff's claims are preempted by ERISA. See *Pascack Valley*, 388 F.3d at 404 ("the absence of an assignment is dispositive of the complete preemption question. Although the Hospital 'may not defeat removal by omitting to plead necessary federal questions in a complaint,' ... it is clear that the Hospital is asserting a claim that could not be asserted under the civil enforcement provision of ERISA").

In *Cohen I, supra,* Doctor Cohen, provided emergency surgical services to patient AM and submitted a claim for reimbursement of $169,390.00 to Horizon, the plan administrator. *Cohen I, supra,* 2017 WL 1206005 at *1. After Horizon refused to pay any portion of the claim, Cohen filed two appeals as assignee and as designated representative of AM. *Id.* After Horizon denied these appeals, Cohen filed an action in state court alleging state law claims only -- violations of N.J.A.C. 11:24-5.3 and the New Jersey Healthcare Information and Technologies Act ("HINT") and a claim for unjust enrichment. *Id.* at *2.

The Court analyzed whether Cohen's state law claims were preempted by ERISA using the two-pronged *Davila* test under which state law claims are completely preempted by ERISA

9

when (1) the plaintiff could have brought the action under Section 502(a) of ERISA and (2) no independent legal duty supports the plaintiff's claims. *Id.* at *3 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) and *Pascack Valley*). The *Cohen I* Court concluded that Cohen's claimed violation of N.J.A.C. 11:24-5.3 satisfied the first prong of the *Davila* test because Cohen made no argument concerning the treatment decisions or quality of treatment. *Id.* at *7. Instead, Cohen argued only that the regulation entitled him to his normal and customary fees for the emergency services he provided. *Id.* The Court held that because the regulation required that emergency health services for Dr. Cohen sought reimbursement must first be covered under the health benefits plan, it was impossible to determine the merits of Cohen's claim without first reviewing the provisions of the ERISA-governed plan in which AM participated, and therefore Cohen could have brought his action under Section 502(a) of ERISA. *Id.* The Court similarly held that prong two of the *Davila* test was satisfied because the N.J. regulations create no independent legal duty, but require a review of patient AM's ERISA plan to determine benefit coverage. *Id.* Accordingly, the Court held that the state law claim based on N.J.A.C. 11:24-5.3 was preempted. *Id.* *7. The Court also concluded that Cohen's two remaining state law claims (HINT and unjust enrichment claims) were preempted for similar reasons. *Id.* at *7-9; *see also Cohen v. Horizon Blue Cross Blue Shield of New Jersey* ("*Cohen II*"), 2017 WL 1206005 (D.N.J. Mar. 31, 2017) (holding that state law claims of violations of N.J.A.C. 11:24-5.3 and HINT and claim for unjust enrichment were preempted by ERISA) (copy attached as Exhibit C to McGovern Cert.)

Like the providers' claims in *Cohen I and Cohen II*, Plaintiff's claims do not implicate an evaluation of any specific medical decisions or quality of treatment provided by Plaintiff to the Plan Member. Rather, Plaintiff alleges only an unfounded entitlement to what it deems a

10

reasonable, usual and customary fee and review of the Defendant Plan is required to determine benefit coverage for the Plan Member's surgery. Accordingly, Plaintiff's state law claims are completely preempted by ERISA since it could have brought the Action under Section 502(a) of ERISA and no independent legal duty supports Plaintiff's claims.

Finally, in *North Jersey Brain & Spine Center v. Connecticut General Life Ins. Co.*, 2011 W.L. 4737063 (D.N.J. Oct. 6, 2011) (copy attached as Exhibit D to McGovern Cert.), the plaintiff, also an out-of-network medical provider, brought state law claims for estoppel, unjust enrichment, and negligent and intentional misrepresentation against a health benefits insurer, alleging that it was underpaid for services provided to members of plans issued or administered by the defendant. North Jersey alleged that prior to rendering the services, its office contacted the insurance company and was told that the provider would be paid an agreed upon "usual, customary, and reasonable" fee. *Id.* at * 1.

When it was paid less than what it considered to be the "usual, customary, and reasonable fee," North Jersey filed suit in state court. Connecticut General removed the case to federal court arguing that North Jersey's state law claims were preempted by ERISA. *Id.* at * 1-2. North Jersey claimed that its state law claims existed independent of ERISA and moved to remand. *Id.*

The District Court, concurring with and adopting the findings of the Magistrate Judge, rejected North Jersey's argument. Notwithstanding North Jersey's contention that it was pursuing quasi-contractual claims against Connecticut General that exist independent of ERISA, and not as an assignee beneficiary under ERISA § 502(a)(1)(B), the court held that, ultimately, North Jersey's state law claims flowed from a dispute involving the difference between what the defendant determined was owed under the plans in question, and what North

11

Jersey believed was owed. *Id.* at * 2-3. The Court held that there was no basis for finding that the estoppel and misrepresentation claims arose from a relationship between North Jersey and Connecticut General that existed independent of the ERISA statutory scheme. *Id.*

Plaintiff's claims, like the out-of-network provider's state law claims in *North Jersey Brain & Spine,* cannot escape the broad sweep of ERISA preemption. Plaintiff alleges that it obtained a preauthorization for the Plan Member's surgery and is, therefore, entitled to enhanced benefits from the Defendant Plan based on this preauthorization. However, Plaintiff alleges no facts to support its allegations that it received an independent promise or contract for enhanced reimbursements for it services and its reliance on preauthorization by the Defendant Plan. In fact, Plaintiff's reliance on the Defendant Plan's preauthorization of the surgery, without any allegation that it was promised enhanced reimbursements for performing the surgery, further supports Defendant Plan's contention that Plaintiff's claims relate to an ERISA plan, i.e. the Defendant Plan. Preauthorization is a process engaged in pursuant to the terms of the Defendant Plan. *See* Exhibit A to Alfonso Cert., at 41. Moreover, there is no dispute that Plaintiff received an assignment of benefits from the Plan Member. This assignment of benefits entitles Plaintiff to bring an ERISA claim on behalf of the Plan Member to recover the benefits provided for by the Defendant Plan, but nothing more. Accordingly, Plaintiff's claims are preempted by ERISA and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant, The Affiliated Physicians and Employers Health Plan respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint in its entirety with prejudice on the grounds that Plaintiff's claims are preempted by ERISA.

...

 

                                                  **GENOVA BURNS LLC**
Attorneys for Defendant
The Affiliated Physicians and
Employers Health Plan

BY: _____
      PATRICK W. McGOVERN

Dated: January 4, 2018

14208085v1 (23198.010)

13